# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

MIRIAM G. EHRISMAN,

    Plaintiff,

vs.                                          CASE NO. 1:08CV047-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## A.    PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on December 16, 2003, alleging a disability onset date of March 19, 2003, because of back pain and depression. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on June 14, 2006, and entered an unfavorable decision on August 23, 2006.

The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

**B.**     **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff has severe impairments, degenerative disc disease and depression, but that neither of these conditions meet the listings.  She injured her back in a car accident in January 2003, but the MRI showed minimal degenerative disc changes in the lumbar spine and no major abnormality was found on examination.  She reported being able to care for her needs and help take care of her daughter's five children, with whom she lives.  She reported to Dr. Nazario, who performed a mental health consultative examination, that her doctor told her she was depressed and prescribed medication, but that she had otherwise never sought mental health treatment.  None of Plaintiff's treating physicians have suggested that she is unable to work.  Thus, the ALJ found her capable of performing light work, which did not preclude her from her past relevant work as a maid and counter clerk.  Alternatively, the ALJ applied the Medical-Vocational Guidelines to find that there were significant jobs that she could perform and was therefore not disabled.

**C.**     **ISSUES PRESENTED**

Plaintiff argues that the ALJ failed to fully develop the record by holding a 15 minute hearing; and the ALJ erred in not using a vocational expert in light of her severe nonexertional impairments.

**No. 1:08CV47-MP/AK**

The government responds that the ALJ made the proper inquiry into Plaintiff's background and condition, allowed the attorney to ask questions, and then asked the attorney if she had anything further, which she said she did not. Further, the ALJ reviewed the medical record and concluded after looking at the objective evidence showing only mild to moderate degenerative changes in her back and that she was capable of significant daily activities and had received no mental health treatment, that her nonexertional impairments were not severe.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.     STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the

evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

**No. 1:08CV47-MP/AK**

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**No. 1:08CV47-MP/AK**

**E.     SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff was involved in an automobile accident on January 10, 2003, after which she was taken to the hospital emergency room {by self-report, there are no records of this in the file] and then on January 22, 2003, began receiving follow up chiropractic care by Dr. Tuller through November 2003.  (R. 115-219).

She began treatment with Dr. Jeffrey Klein one year later.  (R. 292-324).  An MRI showed multilevel disc bulges with mild stenosis at C3-4, C4-5, and C6-7 with congenital fusion at C5-6.  (R. 319).  MRI of the lumbar spine shows multilevel degenerative disc disease with osteophyte formation at L4-5 and L5-S1.  (R. 320).  After reading these objective tests, Dr. Klein ordered conservative treatment, physiotherapy and adjustments for the next six to eight weeks for her "diffuse soft tissue injuries."  (R. 316-317).

Three consultative examinations are in file: Dr. Nazario, Dr. Chodosh, and Dr. Legum.

Dr. Nazario (R. 228-231) found her to have no history of mental illness or mental health treatment.  Her doctor thought she was depressed and prescribed Pamelo at bedtime, but she does not think she is depressed, her problems all began with her car accident.  She lives with her daughter, is able to take care of her needs, is bored and would like to take a real estate class to get back to work.  She reported that she is often in pain and frustrated with financial difficulties arising from her accident.  Dr. Nazario

thought she should seek counseling and vocational training to secure other avenues of employment.

Dr. Chodosh (R. 247-253) examined her back and reviewed her MRI reports and found that she had chronic neck and back pain, etiology uncertain and without physical signs of impairment. His range of motion tests were normal.

Dr. Legum (R. 254-257) also examined her and found her to have continued spinal pain resulting from a MVA that has generated some depression. He rated her with a GAF of 50-55.

**F.**     **SUMMARY OF THE ADMINISTRATIVE HEARING (held June 14, 2006)**

Plaintiff appeared with an attorney. (R. 327). She was 50 years old at the time of the hearing with a ninth grade education, who last worked taking care of an elderly couple. (R. 328-329). Her other past relevant work was with the elderly at an assisted living facility and before that as a hotel maid. (R. 330-331). She suffered a soft tissue injury in 2003, and has severe pain on a level 10, relieved by pain medication for only a few hours and only to about a level 5. (R. 331-332). It has been recommended that she have injections and surgery, but cannot afford this.

**G.**     **DISCUSSION**

   a)   Full and fair development

It is well settled that the ALJ has a duty to develop a full and fair record. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999) (per curiam); Graham v. Apfel, 129 F.3d 1420, 1422-23 (11th Cir. 1997); Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988);

**No. 1:08CV47-MP/AK**

Cowart v. Schweiker, 662 F.2d 731, 735-36 (11th Cir. 1981). This is true even when the claimant is represented by counsel. Cowart, 662 F.2d at 735. In all such cases, there must be a showing of prejudice before remand is warranted for further development. Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995); Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). Prejudice has been found when the record has "evidentiary gaps which result in unfairness or 'clear prejudice.'" Brown, 44 F.3d at 935, *quoting* Ware v. Schweiker, 651 F.2d 408 (5th Cir. Unit A July 1981), cert. denied 455 U.S. 912.

Plaintiff's only argument is that the ALJ could not have made a full inquiry in 15 minutes, but she fails to point to any evidentiary gaps in the record. Indeed, there are a good many medical records and three consultative examinations in the record covering both her physical and mental health issues. The ALJ decision reflects a thoughtful and comprehensive review of the full record. Consequently, there is no merit to this ground for relief.

    b)    <u>Nonexertional impairments</u>

Exclusive reliance upon the grids is not appropriate when a claimant has a nonexertional impairment that significantly limits his basic work activities. Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990). The term "significantly limit basic work skills" means that the limitations "prohibit a claimant from performing 'a *wide* range' of work at a given work level." Phillips v. Barnhart, 357 F.3d 1232, 1243 (11th Cir. 2004). Nonexertional limitations affect a person's ability to meet the other demands of work

**No. 1:08CV47-MP/AK**

and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands. Id., at 1242, n.11.

The ALJ did not find an objective medical reason for her severe pain, and he could therefore find that it did not significantly affect her ability to work. The record shows that she was in a car accident for which she sought no immediate treatment and then sought only chiropractic treatment for a year. MRI's taken one year later showed no major abnormality and she had a mostly normal examination when examined by Dr. Chodosh for this case. None of her treating sources have suggested more than conservative treatment, according to their notes, and none have suggested that she is unable to work or is functionally limited by her condition.

Although she claims to be limited by her depression, her reports to Dr. Nazario that she only takes anti-depressants because her doctor thought she was depressed do not support such limitations. Further, she has sought no mental health counseling or other treatment. An absence of treatment indicates that a mental impairment is not severe. Williams v. Sullivan, 960 F.2d 86, 89 (8th Cir. 1992).

With no significant nonexertional impairment found by the ALJ, he could properly use the guidelines to support his finding that she could perform her past relevant work and other jobs in the national economy at the light exertional level.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED.**

At Gainesville, Florida, this 11th day of August, 2009.

                                              s/ A Kornblum
                                          **ALLAN KORNBLUM**
                                          **UNITED STATES MAGISTRATE JUDGE**

**No. 1:08CV47-MP/AK**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**