IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MIRIAM G EHRISMAN,

    Plaintiff,

v.                                                      CASE NO. 1:08-cv-00047-MP-AK

MICHAEL J ASTRUE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation by the Magistrate Judge regarding Complaint Filed by Miriam G Ehrisman, Doc. 1. After review, the Magistrate Judge recommended this Court affirm the decision of the Commissioner not to award benefits. Plaintiff filed timely objections to the Report and Recommendation, Doc. 22. Pursuant to Title 28 U.S.C.A. § 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Plaintiff objects to the brevity of the administrative hearing and to the decision of the Administrative Law Judge ("ALJ") not to call a vocational expert to testify. For the reasons described below, this Court finds that the ALJ followed the proper procedures and rules of law regarding full development of the record and finds Plaintiff's arguments unpersuasive.

## **BACKGROUND**

Plaintiff was involved in an automobile accident on January 10, 2003, after which she was taken to the hospital emergency room [by self-report; there are no records of this in the file] and then on January 22, 2003, began receiving follow up chiropractic care by Dr. Tuller

through November 2003. (R. 115-219).

She began treatment with Dr. Jeffrey Klein one year later. (R. 292-324). An MRI showed multilevel disc bulges with mild stenosis at C3-4, C4-5, and C6-7 with congenital fusion at C5-6. (R. 319). MRI of the lumbar spine shows multilevel degenerative disc disease with osteophyte formation at L4-5 and L5-S1. (R. 320). After reading these objective tests, Dr. Klein ordered conservative treatment, physiotherapy and adjustments for the next six to eight weeks for her "diffuse soft tissue injuries." (R. 316-317).

Three consultative examinations are in file: Dr. Nazario, Dr. Chodosh, and Dr. Legum.

Dr. Nazario (R. 228-231) found her to have no history of mental illness or mental health treatment. Her doctor thought she was depressed and prescribed Pamelo at bedtime, but she does not think she is depressed, her problems all began with her car accident. She lives with her daughter, is able to take care of her needs, is bored and would like to take a real estate class to get back to work. She reported that she is often in pain and frustrated with financial difficulties arising from her accident. Dr. Nazario thought she should seek counseling and vocational training to secure other avenues of employment.

Dr. Chodosh (R. 247-253) examined her back and reviewed her MRI reports and found that she had chronic neck and back pain, etiology uncertain and without physical signs of impairment. His range of motion tests were normal.

Dr. Legum (R. 254-257) also examined her and found her to have continued spinal pain resulting from a MVA that has generated some depression. He rated her with a GAF of 50-55.

The ALJ found that Plaintiff has severe impairments, degenerative disc disease and depression, but that neither of these conditions meet the listings. She injured her back in a car accident in January 2003, but the MRI showed minimal degenerative disc changes in the lumbar

spine and no major abnormality was found on examination. She reported being able to care for her needs and help take care of her daughter's five children, with whom she lives. She reported to Dr. Nazario, who performed a mental health consultative examination, that her doctor told her she was depressed and prescribed medication, but that she had otherwise never sought mental health treatment. None of Plaintiff's treating physicians have suggested that she is unable to work. Thus, the ALJ found her capable of performing light work, which did not preclude her from her past relevant work as a maid and counter clerk. Alternatively, the ALJ applied the Medical-Vocational Guidelines to find that there were significant jobs that she could perform and was therefore not disabled.

At the hearing, the ALJ made inquiry into Plaintiff's background and condition, allowed the attorney to ask questions, and then asked the attorney if Plaintiff had anything further, which Plaintiff did not. Further, the ALJ reviewed the medical record and concluded after looking at the objective evidence showing only mild to moderate degenerative changes in Plaintiff's back and that she was capable of significant daily activities and had received no mental health treatment, that her nonexertional impairments were not severe.

## ANALYSIS

Plaintiff's first objection to the Report and Recommendation, that the fifteen-minute Administrative Hearing conducted on her claim was deficient because of its brevity, is unpersuasive because the applicable legal standards do not demand a hearing of any particular length. A hearing is not sufficient simply because it is long, and likewise it is not insufficient simply because it is short. Rather, the applicable duty is that the ALJ must develop a full and fair record. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999) (per curiam); Graham v. Apfel, 129 F.3d 1420, 1422-23 (11th Cir. 1997); Welch v. Bowen, 854 F.2d 436, 438 (11th Cir.

1988); Cowart v. Schweiker, 662 F.2d 731, 735-36 (11th Cir. 1981). This is true even when the claimant is represented by counsel. Cowart, 662 F.2d at 735. In all such cases, there must be a showing of prejudice before remand is warranted for further development. Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995); Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). Prejudice has been found when the record has "evidentiary gaps which result in unfairness or 'clear prejudice.'" Brown, 44 F.3d at 935, *quoting* Ware v. Schweiker, 651 F.2d 408 (5th Cir. Unit A July 1981), cert. denied 455 U.S. 912.

Plaintiff in this case has failed to allege any evidentiary gaps or to show any prejudice from which her requested relief might flow. None of Plaintiff's treating physicians have suggested that she is unable to work. If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). There is no substantial evidence on the record that is inconsistent with the analysis of Plaintiff's treating physicians. Therefore, there are no relevant gaps in the record that would render the administrative hearing deficient.

Plaintiff's second argument, that the ALJ erred as a matter of law by declining to call witnesses at the hearing such as a vocational expert, is unpersuasive because it is not the ALJ's duty to call witnesses for the Plaintiff when the Plaintiff is represented by counsel, declines to call witnesses, and when substantially all evidence on the record supports only one conclusion. Plaintiff would have this Court believe that when an ALJ asks a Plaintiff if they have any more evidence to provide, and the Plaintiff responds in the negative, the ALJ then has a duty to present any evidence that might help the Plaintiff that may exist in the world. Plaintiff does not cite any

authority in support of this proposition, and this Court cannot find any.

Plaintiff appears to take exception to the ALJ's findings of fact on a fully developed record, after a hearing at which Plaintiff had a full and fair opportunity to present evidence. Describing those findings of fact as errors of law in order to request *de novo* review cannot change the applicable standards of law under which the actions will be reviewed. Under those standards, the ALJ properly developed the record and properly admitted all evidence the Plaintiff presented in support of her case. Upon review, the ALJ made findings and conclusions that were supported by substantial evidence. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 20, is adopted and incorporated herein.

2. The Commissioner's decision denying benefits is AFFIRMED.

**DONE AND ORDERED** this   *28th* day of August, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge